Roque Acosta, Petitioner, *v.* Tribunal of the Judicial District of San Juan, Respondent.

No. 1685. Argued January 22, 1947.—Decided January 30, 1947.

*Joaquín Velilla* for petitioner. *G. Jiménez Sicardó* for intervener, defendant in the main action.

Mr. Justice Snyder delivered the opinion of the court.

The plaintiff obtained a judgment on the pleadings in an unlawful detainer suit in the district court ousting the defendant for failure to pay the rent for a certain property which the plaintiff had leased from the Government of the Capital and which the plaintiff had in turn subleased to the defendant under verbal contract at an agreed rental. Thereafter, on motion of the defendant, the district court suspended further proceedings on the ground that while the case was pending in the district court the Administrator of the Office of Price Administration of Puerto Rico, pursuant to Act No. 464, Laws of Puerto Rico, 1946, had reduced the rent the

defendant was required to pay. This last order of the district court provided that it was without prejudice to the right of the plaintiff to sue for the rent fixed by the Administrator if the same had not been paid or consigned by the defendant. We granted certiorari to review the order of the district court staying further proceedings.

We need not examine the many questions discussed herein, as there is a fatal flaw in the order of the lower court. Section 4 of Act No. 464 provides in part as follows: *"The provisions of this Act shall not apply to properties belonging to* the Puerto Rico Housing Authority, the municipal housing authorities, the Land Authority, the Board of Model Homes, the Federal Housing Administration, and the agencies or instrumentalities of the Government of the United States of America, the Government of Puerto Rico, *the Government of the Capital,* or the municipal governments of Puerto Rico." (Italics ours).

The district court rejected the contention of the plaintiff that Act No. 464 did not apply to this proceeding in the following language: "If this were a suit by the Government of the Capital against the plaintiff, there would be no doubt that the provisions of the Reasonable Rents Act would not be applicable to the Government of the Capital. But this case does not involve an action against the Government of the Capital, original lessor, but rather an action by a lessee of the Government against a sublessee. There is no doubt that there is no contractual tie or interest between the lessor, in this case the Government of the Capital, and the sublessee, in this case the defendant, *Cruz Dueño.* 4 Sánchez Román 765 (21, III): *Veve et al* v. *The Fajardo Sugar Growers' Association,* 29 P.R.R. 609, 618, 619, and especially p. 620, third paragraph. There being no juridical tie or interest between the original lessor and the sublessee, the plaintiff in this case cannot invoke against his sublessee any privilege that the Government of the Capital could invoke against the plaintiff."

■■ We cannot agree with the district court that the exemption for properties belonging to the Government of the Capital from the provisions of Act No. 464 applies only to those situations where the Government of the Capital is involved in the dispute as lessor. We readily agree that the statute would be much more equitable if it read as the lower court interpreted it. Unfortunately, the Legislature provided in sweeping terms that Act No. 464 does not apply to properties belonging to the Government of the Capital. It should perhaps have qualified this provision by restricting the exemption to leases by the Government of the Capital, which would have made the statute applicable to subleases such as that involved herein. But if we adopted the view of the lower court, we would be rewriting the plain language of the statute. That can be done only by the Legislature.

The order of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.